**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO TIZNADO SARO, | Case No.: 19-CV-5550-YGR |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING MOTION FOR EVIDENTIARY HEARING** |
| v. | |
| PATRICK COVELLO, Warden, | DKT. NOS. 1, 20 |
| Respondent. | |

## INTRODUCTION

Petitioner Alejandro Tiznado Saro, a state prisoner, brings the instant petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254, on grounds of ineffective assistance of counsel. (Dkt. No. 1.) Respondent Patrick Covello, Acting Warden of Mule Creek State Prison, has filed an answer and memorandum of points and authorities in support thereof (Dkt. No. 7.); petitioner has filed a traverse (Dkt. No. 21). Saro moves for an evidentiary hearing (Dkt. No. 22) on his petition to the extent that respondent argues defense counsel may have had a tactical basis for failing to advise him or otherwise provided effective counsel, so that any disputed facts concerning the representation can be resolved.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby **DENIES** the request for evidentiary hearing and **DENIES** the petition for the reasons set forth herein.

## PROCEDURAL HISTORY

On July 17, 2018, Saro filed a habeas corpus petition with the Superior Court for the State of California, County of Contra Costa, which was denied by a decision issued September 4, 2018. (Dkt. No. 8, Exh. A, Exh. 1 & 2.) On October 3, 2018, Saro filed a habeas corpus petition for review with the California Court of Appeal of the First Appellate District, which was denied on March 26,

2019.  (*Id.*, Exh. D.)  On April 3, 2019, Saro filed a timely petition for review with the California Supreme Court, which was denied on May 15, 2019.  (*Id*. Exh. E &F.)  Saro then filed a petition for a writ of habeas corpus in this Court on September 4, 2019.  The petition is ripe for review and is timely, having been filed within one year of California Supreme Court's denial.

## UNDERLYING FACTS

The Court adopts as its account of the facts the summary set forth in the last reasoned opinion in this matter, the decision of the Superior Court for the State of California, County of Contra Costa, on direct review of Saro's conviction.  *In the Matter of Alejandro Tiznado Saro*, No.51813641 (Dkt. No. 8, Exh. A-2.)  The summary is presumed correct.  *See Hernandez v. Small,* 282 F.3d 1132, 1135 n.1 (9th Cir. 2002); 28 U.S.C. §2254(e)(1):

> Petitioner was born on February 11, 1992.
>
> On December 21, 2016, a Contra Costa County deputy district attorney filed an Information charging petitioner with ten counts of Penal Code section 288(b)(1) (lewd act upon a child under 14 years old, by means of force, violence, or duress) as to five Jane Doe victims.
>
> The Information also charged one count of Penal Code section 311.11(a) (possession of child pornography).
>
> The Information alleged that petitioner first violated section 288(b)(1) in July 2015 (count 8), and continued committing lewd acts by duress against the various victims into 2016 (*see,* e.g., counts 3 and 6 of the Information).
>
> Accordingly, as petitione[r] turned 24 [.] on February 11, 2016, petitioner was <u>alleged to have committed his crimes when he was 23 and 24 years old</u>.
>
> On **August 15, 2017**, petitioner pled guilty to five counts of violating Penal Code section 288(a) (lewd act on a child under 14 years old) contained in the Amended Information – one count as to each Jane Doe.
> The parties' agreement apparently included the understanding that they would jointly recommend that petitioner be sentenced to a term of 25 years to life.
>
> Judge Patricia Scanlon accepted the guilty plea, and on **September 22, 2017** sentenced petitioner to a term of 25 years to life.
>
> Simultaneous to the prosecution in the underlying docket, California state lawmakers were advancing legislation that sought to amend Penal Code section 3051 to provide youth offenders parole hearings to felons who <u>were 25 years of</u>

2

<u>age or younger</u> when they committed their crimes.  (Immediately before the amending legislation became law, section 3051 provided for youth offender parole hearings for offenders who committed specified crimes when they were <u>under 23 years</u> of age.)

The legislation passed the California Assembly on **June 1, 2017**, and passed the California Senate on **September 12, 2017**.

The Governor signed the legislation on **October 11, 2017**, and it became effective on January 1, 2018.

(*Id*. at 1-2, emphasis in original, internal citations omitted.)

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).  Under AEDPA, a state prisoner is entitled to habeas corpus relief in federal court if the state court adjudication of a claim resulted in a decision that "(1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", or "(2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d).

The purpose of AEDPA is "to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).  The statute's "highly deferential" standard for evaluating state court rulings "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam); *accord Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004) (review under AEDPA is "[e]xtraordinarily deferential to the state courts").  Interpreting AEDPA, the United States Supreme Court has held:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

3

*Harrington v. Richter*, 562 U.S. 86, 102-03 (2011). Thus, "[f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of this Court; or that it 'involved an unreasonable application of' such law ; or that it "was based on an unreasonable determination of the facts" in light of the record before the state court." *Id*. at 100 (internal citations omitted). Otherwise, the "analysis is at an end" and "a writ of habeas corpus 'shall not be granted.'" *Cullen v. Pinholster*, 563 U.S. 170, 203 n.20 (2011).

When there is no reasoned opinion from the highest state court that considered the petitioner's claims, the court looks to the last reasoned state court opinion. *See Wilson v. Sellers*, 138 S.Ct. 1188, 1193-95 (2018); *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

**DISCUSSION**

As grounds for federal habeas relief, petitioner contends he received ineffective assistance of counsel when he entered, on counsel's advice, a guilty plea in exchange for a sentence of 25 years to life. Petitioner argues that his counsel failed to inform him of pending legislation that, when enacted, change the definition of "youthful offender"—from conviction of a controlling offense before "attain[ing] 23 years of age" to conviction of a controlling offense "when the person was 25 years of age or younger"—for purposes of eligibility for a "youthful offender parole hearing" after 25 years of incarceration. In short, petitioner contends his counsel was ineffective for failure to advise him that *pending* legislation, that might be passed by the California Legislature and signed by the Governor, would make him eligible for parole in 25 years regardless of whether he took the plea deal for a 25-years-to-life sentence or if he was found guilty at trial and sentenced to a longer term.[1]

---

[1] Saro's declaration, submitted with his original habeas petition in the state court, avers that after his sentencing he "learned a new law had passed which made persons who committed their [section 288] offenses at the age of 25 or younger" and were sentenced to 25 years to life eligible for a parole hearing after serving 25 years of their sentence. (*Id*. at Exh. A, ECF page 37.) Saro declares that his counsel "never discussed the possibility of the new youthful parole law with me." (*Id*.) He further states that he did not know, until about a week before his trial date, that he was facing a sentence of "over 100 years to life in prison" and that his counsel advised him that he "should accept the plea deal of 25 years to life, so that [he] could at least have a chance at a parole hearing." (*Id*.)

4

The reviewing state court rejected this claim as failing to state even a *prima facie* case of ineffective assistance. In rejecting the IAC claim, the state appellate court stated:

> A court reviewing an IAC claim, must consider counsel's performance in light of the facts and law <u>at the time of representation</u>. (*See People v. Leon* (2016) 243 Cal.App.4th 1003, 1017 ["The ineffective assistance claim fails pursuant to the foregoing analysis and given the state of the law at the time of trial."] (emphasis added).)
>
> Petitioner's IAC claim is summarily denied because it does not state a prima facie claim for relief. (*See People v. Duvall* (1995) 9 Cal.4th 464, 474-75 ["The petition should . . . state fully and with particularity the facts on which relief is sought . . . . If no prima facie case for relief is stated, the court will summarily deny the petition."].)
>
> The IAC claim rests on an incorrect understanding of what a reasonably competent attorney should have known and should have done when petitioner plead[ed] guilty and was sentenced in the underlying docket.
>
> When petitioner plead[ed] guilty legislation amending section 3051 (providing for youth offender parole hearings for 24-year-old offenders) had passed only the California Assembly. When petitioner was sentenced, the legislation had not yet been signed by the Governor, and was not yet a law.
>
> Counsel cannot be charged with anticipating <u>whether</u> pending legislation will <u>become</u> law. (*See Lowry v. Lewis* (9th Cir. 1994) 21 F.3d 344, 346 [rejecting an IAC claim, and explaining that counsel "cannot be required to anticipate [subsequent case law], because his conduct must be evaluated. . . as of the time of counsel's conduct."]; *People v. Beaty* (1978) 84 Cal.App.3d 239, 241 [affirming conviction for crime committed December 1976, and affirming sentence imposed May 1977, even though "enactment under which appellant was charged and found guilty, was repealed . . . operative July 1, 1977"; and observing that "a legislative bill does not become law until it has been signed by the Governor"]; *cf. United States v. Lawrence* (D.C. Cir. 2011) 662 F.3d 551, 558 [defendant's claim regarding "pending legislation" is "infected with [ ] remoteness and uncertainty"].)

(Dkt. No. 8, Exh. A-2, emphasis and alterations in original.)

Petitioner contends the state court's denial of his petition was both an unreasonable application of federal law and an unreasonable determination of the facts in light of the evidence

---

Saro attests that if he would have known that he would be eligible for parole after serving 25 years, even if he were convicted of all of the charged offenses at trial, he would not have accepted the plea offer but would have gone to trial. (*Id*.)

5

presented. The petition alleges that counsel provided ineffective assistance in violation of Saro's Sixth Amendment rights by failing to advise Saro he would have been eligible for parole because of his age in 25 years, even if convicted of all of the charged offenses, and instead advising him his only chance of being paroled in his lifetime was to accept the prosecutor's offer of 25 years to life. Saro contends that his counsel did not have any reasonable tactical basis for those omissions and that they were prejudicial since, absent such ineffective advice, he would not have entered a guilty plea.

The Court does not agree.

To establish a violation of the Sixth Amendment right to effective assistance of counsel, petitioner bears the burden to show that counsel's performance fell below an objective standard of reasonableness and that there was a reasonable probability that counsel's errors prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88, 695-96 (1984). On *Strickland*'s first prong, a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also Harrington*, 562 U.S. at 103 ("Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach."). *Strickland*'s deferential standard means that ineffective assistance can only be shown when "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (citing *Strickland,* 466 U.S. at 690).

In the habeas context, "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 105. "The standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Id*. (internal citations omitted). Thus, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. . . . [but] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.; *see also Cheney v. Washington*, 619 F.3d 987, 995 (9th Cir. 2010) (a state court reviews a defense counsel's effectiveness with great deference, which "translates to a narrower range of decisions that are objectively unreasonable under AEDPA.").

The two-part test of *Strickland* applies to ineffective assistance with respect to counsel's advice about acceptance of a plea offer. *See Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (declining to decide if "erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel" since petitioner failed to allege prejudice, *i.e.* that he would not have accepted the plea offer if counsel informed of correct parole eligibility date); *Premo v. Moore*, 562 U.S. 115, 127-28 (2011) (reversing Ninth Circuit's finding of IAC based on counsel's failure to seek exclusion of confession before advising client to take a plea bargain).

## I.   DEFICIENT REPRESENTATION

Here, Saro contends his counsel rendered ineffective assistance due to a failure to advise him of *pending* legislation affecting his decision to accept a plea bargain. At the time of counsel's advice regarding the plea bargain, and Saro's acceptance and entry of his plea with the state trial court, the law in effect would not have entitled Saro to a "youthful offender parole hearing" on any of his charged offenses. Saro was alleged to have committed the crimes when he was age 23 and 24, not "*before* the person had attained 23 years of age" as the statute then stated. *Compare* 2015 Cal. Legis. Serv. Ch. 471 (S.B. 261) § 1 (filed with the Secretary of State October 3, 2015) (amendment to Cal. Penal Code § 3051(b)(3) effective January 1, 2016 to December 31, 2017) *with* 2017 Cal. Legis. Serv. Ch. 675 (A.B. 1308) § 1 (amendment to Cal. Penal Code § 3051(b)(3) effective January 1, 2018 to December 31, 2019) ("controlling offense that was committed when the person was 25 years of age or younger")[2]

The state court reviewing the initial petition held that, at the time of the plea, counsel could not be charged with anticipating whether pending legislation would become law, citing Ninth Circuit

---

[2] Petitioner argues that "[r]easonably competent counsel would have been aware through adequate investigation and preparation, at the time of the plea hearing, that for counts 1, 4, 5, and 10, petitioner would be eligible for parole consideration in 25 years *under existing law*, since he was 23 years old at the time of the offenses alleged in those counts." (Petition, Dkt. No. 1, at m-4:14-17, emphasis supplied.) This argument appears to misread the statute in existence at the time of Saro's plea on August 15, 2017, which limited eligibility to offenses committed "*before* the person had attained 23 years of age." The Court further notes that the original version of section 3051 (in effect from January 1, 2014 to December 31, 2015) limited eligibility for a youthful offender parole hearing to offenses committed "before the person had attained 18 years of age." 2013 Cal. Legis. Serv. Ch. 312 (S.B. 260) § 4 (adding Cal. Pen. Code § 3051).

7

authority in *Lowry v. Lewis*, 21 F.3d 344 (9th Cir. 1994). In *Lowry*, the Ninth Circuit rejected an IAC claim alleging that counsel should have moved to suppress evidence of a search that was also the subject of a pending civil rights class action lawsuit challenging the manner of the searches. Although, the Ninth Circuit later found the evidence of unconstitutionality of the searches sufficient to avoid summary judgment in the civil case, it held that criminal defense counsel's performance was not deficient for failure move to suppress the search. *Id*. at 346. In so holding, the Ninth Circuit stated that petitioner's "lawyer cannot be required to anticipate our decision in this later case" but instead must be "evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'" *Id*. (quoting *Strickland,* 466 U.S. at 690).

The Ninth Circuit has held that an attorney's performance must be evaluated "from counsel's perspective at the time. . . . since "[w]e do not expect counsel to be prescient about the direction the law will take." *Clark v. Arnold*, 769 F.3d 711, 727 (9th Cir. 2014) (holding that counsel not ineffective for failure to preserve issue of observational evidence, given ambiguity in law at the time); *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (advice to accept plea greater than presumptive sentence but below maximum was not a "gross mischaracterization" of the possible sentence and "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms."); *see also Styers v. Schriro*, 547 F.3d 1026, 1032 (9th Cir. 2008) (rejecting IAC claim based upon Ninth Circuit decision issued years after petitioner's trial). Petitioner offers no clearly established authority suggesting that an attorney's representation is ineffective for failing to advise his client of potential changes in the law that might affect petitioner's evaluation of the plea bargain versus the risks of proceeding to trial. While the applicable Ninth Circuit authority concerns later *case l*aw developments, the principle applies equally to changes in the law occasioned by later *legislative* enactments. Petitioner offers no authority or reason to the contrary.

Here, the potential amendment to section 3051 was still pending before the California Legislature when petitioner entered his plea on August 15, 2017. Indeed, it was only passed by the state senate several weeks later and subsequently signed by the governor several weeks after that. Saro has failed to show that the state court made an objectively unreasonable application of clearly

8

established United States Supreme Court precedent or that the state appellate court decision was based on an unreasonable determination of facts. Thus, petitioner has failed to establish that counsel's conduct was deficient under the standards in *Strickland*, or that the state court's application of *Strickland* was unreasonable.

## II.     PREJUDICE

Further, petitioner fails to establish prejudice based on counsel's conduct. In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In *Hill*, trial counsel erroneously told the defendant that he would be eligible for parole after serving one-third of his sentence, when in fact he was not eligible for parole until he had served one-half of his sentence. The Supreme Court found that petitioner had not demonstrated prejudice because he "did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial," and "alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty." *Id.* at 60.

First, petitioner does not aver that he would have rejected the plea if he was advised that pending legislation concerning parole eligibility *might or might not become law*. Petitioner asserts "[i]f [he] would have known that [he] would be eligible for parole after serving 25 years in prison, even if [he] was convicted of all the charged offenses, [he] would not have taken this plea bargain. . . . [and] [i]f [he] had known that [he] would be eligible for parole on the same date, whether [he] took the deal or went to trial, [he] certainly would have exercised [his] right to a jury trial. (Saro Decl. at ¶ 9.) Even accepting these assertions at face value, they do not show that petitioner would have rejected the plea knowing that the proposed amendment to the youthful offender law might not become law. Counsel could not have advised him that he "would be eligible" since it was unknown whether the state senate would pass the bill and the Governor would sign it at the time.

9

Second, the plea bargain petitioner accepted dropped the more serious charges under Penal Code section 288(b)(1) ("by means of force, violence or duress"), amending the information and allowing Saro to enter a guilty plea as to five counts of a lesser offense under section 288(a). While subsequent legislation amending the youthful offender parole rules now means that he will be eligible for a parole hearing at the same time he would have been eligible had he gone to trial, any prejudice would be purely speculative. Certainly, however, had plaintiff been convicted of the more serious offenses, the record before any eventual parole board would have included a full recitation of the facts of his offenses, including the testimony compelled from his child victims, and likely a greater sentence. The result of a parole hearing is never guaranteed but proceeding to trial here would have carried with it a greater risk of parole being denied once petitioner became eligible.

### III. CERTIFICATE OF APPEALABILITY

No certificate of appealability is warranted in this case. For the reasons herein, jurists of reason would not find this Court's denial of petitioner's claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### CONCLUSION

For the reasons stated above, the Court finds Saro is not entitled to habeas relief. There being no colorable claim of ineffective assistance or material dispute of a fact that would justify relief, no evidentiary hearing is necessary.

Accordingly, the motion for evidentiary hearing is **DENIED** and the petition is **DENIED.**

No certificate of appealability shall issue.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Date: January 27, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**